IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **FIRESTONE REALTY GROUP, LLC.,** § | |
| § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:20-cv-01379-O-BP |
| § | |
| **ALBERTO MOJICA,** *et al.*, § | |
| § | |
| § | |
| **Defendants.** § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendants removed this case from the County Court at Law Number One of Tarrant County, Texas pursuant to 28 U.S.C. §§ 1331 and 1332 on December 28, 2020. ECF No. 3. United States Magistrate Judge Irma Carrillo Ramirez entered a Notice of Deficiency and Order on December 30, 2020, which stated that the Notice of Removal did not comply with 28 U.S.C. § 1446 and Local Civil Rule 81.1. ECF No. 6. Judge Ramirez ordered the Defendants to file an amended notice of removal that complied with the statute and local rule on or before fourteen days after the date of the order. *Id.* The order also warned Defendants that failure to comply "will result in the remand of the case." *Id.* Defendants failed to file an amended notice of removal within the time period ordered by the Court. As a result, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **REMAND** the case to the County Court at Law Number One of Tarrant County, Texas, from whence it was removed.

Under 28 U.S.C. § 1446, a party removing a case to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and

orders served upon such defendants or defendants in such action." 28 U.S.C. § 1446 (a). Additionally, Local Civil Rule 81.1 requires the party to file:

> (1) a completed civil cover sheet;
> (2) a supplemental civil cover sheet; and
> (3) if there is a 'related case,' as defined by LR 3.3.(b)(3) or (b)(4), a notice of related case that complied with LR 3.3(a); and
> (4) a notice of removal with a copy of each of the following attached to both the original and the judge's copy—
> > (A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;
> > (B) a copy of the docket sheet in the state court action;
> > (C) each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); and
> > (D) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

L.C.R. 81.1(a).

In the original Notice of Removal, the Defendants did not include a copy of the state court docket sheet or the original petition filed in state court. ECF No. 3. Nor did they include any other documents served upon them in the state court action. *Id.* Because of this deficiency, Judge Ramirez ordered them to file an amended notice of removal within fourteen days of the date of the order and warned them that failure to comply would result in remand of the case to state court. ECF No. 6. Defendants failed to comply with the order. Accordingly, Judge O'Connor should remand the case to the County Court at Law Number One of Tarrant County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** January 15, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE