**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FIRESTONE REALTY GROUP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-1379-O-BP** |
| | § | |
| **ALBERTO MOJICA et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On January 15, 2021, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 11. The FCR recommended that the Court remand the case to the County Court at Law Number One of Tarrant County, Texas, from whence it was removed. *Id.* at 1. Defendant Alberto Mojica filed an Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on January 29, 2021. Obj., ECF No. 12.

The Court has conducted a de novo review of the FCR. For the following reasons, Defendant's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **REMANDS** the case to the County Court at Law Number One of Tarrant County, Texas, from whence it was removed.

**I.      BACKGROUND**

On December 28, 2020, *pro se* Defendants Alberto Mojico and Djote Norton sought to remove this action from the County Court at Law Number One of Tarrant County, Texas, alleging diversity jurisdiction as the basis for this Court's jurisdiction. Not. of Removal, ECF No. 3. Magistrate Judge Ramirez entered an Order and Notice of Deficiency highlighting deficiencies in Defendants Notice of Removal and giving Defendants fourteen days to amend their Notice of Removal. Order, ECF Nos.

1

5, 6. The same day, the case was transferred to the Fort Worth Division to comply with the removal statute. ECF No. 7. Fourteen days later, Defendants filed a document entitled "Notice of Removal Payment." ECF No. 10. Magistrate Judge Ray issued the Findings, Conclusion, and Recommendation, recommending that the Court remand the case. ECF No. 11. Defendants filed a timely objection, which is now ripe for the Court's consideration. ECF No. 12.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 589, 593 (5th Cir. 1993). A party removing a case to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendants or defendants in such action." 28 U.S.C. § 1446 (a). Under the Local Rules, a removing party must also file the appropriate cover sheets, the relevant state court documents and docket, and the appropriate disclosures of related cases and interested persons. *See* L. Civ. R. 81.1(a).

## III.    ANALYSIS

Mojica objects to the FCR, arguing that "the above-described action . . . [should] proceed and be removed to this Court." Obj. 3, ECF No. 19. In his objection, Mojica reiterates his argument that the Court's basis for jurisdiction is diversity jurisdiction and that the action here satisfies the requirements for the Court to exercise diversity jurisdiction. *See id.* at 2–3.

The Court is mindful that "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, "any doubts concerning removal must be resolved against removal and in

favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.).

Here, Defendants' Notice of Removal fails to comply with all of the removal requirements of 28 U.S.C. § 1446(a) and the additional requirements of Local Civil Rule 81.1(a). Defendants' Notice of Removal does not include (1) a copy of the state court docket sheet, (2) the original petition filed in state court, nor (3) any other documents served upon them in the state court action. *See* Not. of Removal, ECF No. 3. Following Defendants' removal filing, Judge Ramirez ordered Defendants to file an amended Notice of Removal within fourteen days, giving Defendants an opportunity to cure the deficiencies. Order, ECF No. 6. Fourteen days lapsed, and Defendants failed to comply with the Court's order, instead filing a document entitled "Notice of Removal Payment." ECF No. 10. Mojica's objection does not explain why Defendants did not comply with the Court's order and cure the deficiencies nor does it request relief from the Court's order. *See* Obj., ECF No.19.

Thus, having conducted a de novo review of the FCR and Mojica's Objections, the Court concludes that removal was improper for failure to comply with the requirements of 28 U.S.C. § 1446(a) and of Local Civil Rule 81.1(a). Accordingly, the Court **OVERRULES** each of Mojica's Objections, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **REMANDS** the case to the County Court at Law Number One of Tarrant County, Texas.

**SO ORDERED** on this **5th day** of **March, 2021.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**